UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDIE L. MEILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID P. HAMILTON, et al.<br><br>　　　　Defendants. | Case No. 1:24-cv-00462-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are Plaintiff Brandy Meiller's *In Forma Pauperis* Application (Dkt. 1), Complaint (Dkt. 2), Motion for Protective Order (Dkt. 4), and Petition for Emergency Injunction (Dkt. 5). For the reasons explained below, the Court will grant the *In Forma Pauperis* Application, dismiss the Complaint with leave to amend, and deny as moot the Motion for Protective Order and Petition for Emergency Injunction.

1. ***In Forma Pauperis* Application**

Brandy Meiller, proceeding pro se, has conditionally filed a complaint against individual David Hamilton, "All Idaho's State Agencies and Law Enforcement," and a number of named agencies. Dkt. 2. Meiller asks the Court to

MEMORANDUM DECISION AND ORDER - 1

allow her to proceed *in forma pauperis*.

Plaintiffs who wish to pursue civil lawsuits in this District must pay a filing fee. *See* 28 U.S.C. § 1914(a). If a plaintiff wishes to avoid that fee, he must submit an affidavit showing he is unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The Court has reviewed the affidavit provided by Meiller. The affidavit, if true, states sufficient facts supporting her poverty. Meiller reports that her monthly income is approximately $1,000; she has $200 to $300 in bank accounts; and her monthly expenses are at least $1,100. Dkt. 1 at 2-3. These factors indicate that Meiller cannot pay the Court's filing fee while still affording basic living expenses. *Id.* at 4. To complicate things, however, Meiller has filed an affidavit with different information in another case before this court. *See Meiller v. Attorney General*, 1:24-cv-00463, Dkt. 1. In that affidavit, which was filed the same day as the one

**MEMORANDUM DECISION AND ORDER - 2**

currently under consideration, Meiller reports approximately $1,240 per month in income, no money in her bank account, and $2,200 in monthly expenses. *Id.*

Though both affidavits indicate that Meiller cannot afford to pay the filing fees, these disparities are quite concerning. The Court is required to dismiss this case if Meiller's allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). This is a close question, but the Court will give Meiller the benefit of the doubt and assume that the inconsistencies are the result of estimation and confusion rather than dishonesty. For example, most of the disparity comes from transportation expenses. In the affidavit in the present action, Meiller does not provide a monetary figure but simply says "court running us in circles"; in the second affidavit, Meiller lists $1,000 in transportation expenses. This indicates more that Meiller misunderstands the nature of the IFP affidavit than that she sought to misrepresent her poverty. For that reason, the Court will grant her *in forma pauperis* application.

   2. **Review of Complaint**

Once the Court grants an *in forma pauperis* application, it may conduct an initial review of the complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). If the Court engages in this review, a complaint must be dismissed if it (1) states a frivolous or malicious

**MEMORANDUM DECISION AND ORDER - 3**

claim, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The second basis for dismissal is most relevant in this case.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 and may be dismissed if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But this does not eliminate the standard set forth in Rule 8(a)(2). Pro se plaintiffs must still articulate plausible claims and allege facts sufficient to support each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Judges are neither "mind readers" nor "advocates" for pro se litigants. *Camel v. Cannon*, No. 6:06-3030–GRA–WMC, 2007 WL 465583, at *3 (D.S.C. Feb. 7, 2007). Nor will courts

MEMORANDUM DECISION AND ORDER - 4

"assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

Meiller's Complaint is incoherent to the point that it is difficult to discern even the most basic information about her claims. The handwriting is both horizontal and vertical on the page and is at times illegible. She appears to claim that she was raped by Defendant David Hamilton and that law enforcement engaged in some sort of misconduct related to the investigation, but it is impossible to ascertain any specific factual assertions. Dkt. 2 at 2. The Complaint also seems to assert that her children were wrongfully taken into state custody under the Indian Child Welfare Act (ICWA), *id.* at 11, but Meiller does not articulate any facts to support this, or even to establish that she and her children fall under ICWA's protections. Additionally, in her most recent filings, she claims that she has been unlawfully hospitalized and forcibly medicated, again without providing any specific factual context. Dkt. 4.

The allegation of involuntary hospitalization appear to be related to an ongoing state criminal case in the Ada County Magistrate Court, *State v. Meiller*, CR01-24-34441. This alone would likely warrant dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), because federal courts must generally abstain from

**MEMORANDUM DECISION AND ORDER - 5**

hearing civil rights claims related to pending criminal cases. But the Court will refrain from a *Younger* analysis because Meiller has failed to articulate any intelligible facts regarding the hospitalization, or any of the other conduct that forms the basis of the Complaint. The Court cannot read Meiller's mind and will not expend further judicial resources attempting to decipher her claims.

Due to the absence of factual allegations, Meiller has failed to state a claim upon which relief can be granted. The Court will dismiss the Complaint but give Meiller leave to amend it to cure these deficiencies. If she does so, she should take care to write clearly and to provide a coherent, specific factual account of the events underlying her claims.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Application to Proceed *in Forma Pauperis* (Dkt. 1) is **GRANTED**.

2. The Complaint fails to state a claim upon which relief may be granted and is DISMISSED. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the

Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.

3. Plaintiff's Motion for Protective Order is **DENIED** as moot.

4. Plaintiff's Petition for Emergency Injunction is **DENIED** as moot.

DATED: December 5, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7